AMERICAN AUTOMATIC PRESS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5542.   Promulgated January 17, 1928.

*Edwin Howell*, *C. P. A.*, for the petitioner.
*Thomas P. Dudley, Jr.*, *Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner claims a deduction from its 1920 income on account of depreciation of its patents. Section 234 (a) (7) of the Revenue Act of 1918 provides for the deduction from income of " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

However, before such deduction may be had the cost, or March 1, 1913, value of the property subject to exhaustion must be determined. That this is so is apparent when we consider the reason underlying this deduction. This reason has been stated in *Appeal of William J. Ostheimer*, 1 B. T. A. 18, as follows:

The allowance of a deduction on account of the wear and tear and exhaustion of property, commonly known as depreciation, is based upon the principle of allowing a taxpayer a return of the capital invested in his business before subjecting his earnings therefrom to tax. Recognition is given to the fact

that physical assets are constantly being reduced in value on account of wear, tear, and exhaustion thereof in the business. A taxpayer, however, is permitted to have returned to him only the capital which he has invested.

To the same effect is *Appeal of Brevoort Hotel Co.*, 1 B. T. A. 132. Since the patents herein were acquired prior to 1913, the basis for depreciation thereof is the value on March 1 of that year. The record, however, is barren of evidence from which either the cost or the March 1, 1913, value can be ascertained. We know that in 1911 the petitioner issued its capital stock of the par value of $543,836, and received in exchange therefor the patents in question, $54,383.60 in cash, and liabilities amounting to over $40,000; and that petitioner gave to these patents a book value of $489,452.40. At the time petitioner was a newly incorporated company. It had, apparently, no other assets than those just mentioned. So far as we are informed its capital stock had no value. There is not sufficient evidence before us to show that the patents under consideration had any value on March 1, 1913, and there is no justification for any allowance for the exhaustion thereof. The determination of the respondent, therefore, is sustained.

*Judgment will be entered for the respondent.*